**Sage Bruce Butler**
**SID# 12309081**
**TRCI/ODOC**
**82911 Beach Access Rd.**
**Umatilla, Oregon 97882**
**Plaintiff**
**Pro Se**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE STATE OF OREGON PENDLETON DIVISON**

| | | |
|---|---|---|
| Sage Bruce Butler,<br>*Plaintiff,*<br>v.<br>Ryan LeGore, Bobby Rabb, Lee<br>Lee LeGore, Jane/John Doe(s) of TRCI<br>Institutional Counselor(s), Dr. Smith, Jane/<br>John Doe(s) of OSP Medical, Brian Stephens,<br>C.O. C. Allphin and C.O. M. Deacon,<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Action No.** 2:26-cv-02234- SI<br><br>**VERIFIED COMPLAINT**<br><br>**42 U.S.C 1983, 1st, 8th, 14th AMENDMENT AND VOLUNERABLE PERSONS ACT**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

This is a civil rights action filed by Sage Bruce Butler, acting in pro se form, is a state of Oregon prisoner in custody of the Oregon Department of Corrections. Plaintiff is a vulnerable person under the vulnerable personas act due to the nature of his criminal convictions (sex) defendants are aware of the plaintiffs' crimes and that sex offenders are routinely targeted and subjected to violent assaults, stabbings and murder upon entering the prisons population, thus defendants have a duty which is clearly established in law to take reasonable steps to protect particularly vulnerable prisoners. For damages and injunctive relief under 42 U.S.C. § 1983, alleging the failure to protect by the defendant's deliberate indifference to his physical safety their official roles to protect him from harm and retaliation for his protected conduct. In violation of plaintiff's rights of the Eighth and Fourteenth Amendments afforded to him by the United States Constitution for the trespass of assault and battery suffered at the hands of another

Prisoner and retaliation, cruel and unusual punishment.

## I. PLAINTIFFS COMPLAINT

Plaintiff, Sage Bruce Butler, pro se, for his complaint against defendants: Ryan Legore-Superintendent at the Two Rivers Correctional Institution-TRCI/ODOC[1] of the Oregon Department of Corrections-ODOC[2], Bobby Rabb-Assistant Superintendent of Security at TRCI/ODOC, Lee Legore the Security Threat Manger-STM[3] at TRCI/ODOC, Jane/John doe(s)-Institutional Counselors at TRCI/ODOC, Brian Stephens-Chief of Security of the ODOC, Lt. Brown-Officer in Charge-OIC at the Oregon State Penitentiary-OSP[4], Jane/John Doe(s)-Nurses at OSP/ODOC, Dr. Smith a Medical Doctor-MD[5] at OSP/ODOC, J. Lawson-Grievance Coordinator at OSP/ODOC, Corrections Officer-CO Cody Allphin at TRCI/ODOC and C.O. Matthew Deacon at TRCI/ODOC.

## II. JURISDICTION AND VENUE

**1)** This court has jurisdiction over this action under 28 USC Section 1331 and 1343(3) and (4). The matters in controversy arise under 42 USC Section 1983.

**2)** Venue properly lies in this District pursuant to 28 USC Section 1391 (b)(2), because the events giving rise to cause of action occurred at TRCI/ODOC, located in Umatilla, Oregon and OSP/ODOC, located in Salem, Oregon which is located within this district of Oregon.

## III. PARTIES

**3)** Plaintiff, Sage Bruce Butler, acting pro se, is and was at all times relevant hereto, an

[1] Further referred to as TRCI/ODOC
[2] Further referred to as ODOC
[3] Further referred to as STM for
[4] Further referred to as OSP/ODOC
[5] Further referred at as MD

incarcerated person (AIC)[6] of the Oregon Department of Corrections. At the time of events relevant hereto plaintiff was incarcerated at TRCI/ODOC and OSP/ODOC and is currently incarcerated at TRCI/ODOC.

**4)** Defendant Ryan Legore (Defendant Number 1 further referred to as Def. No.1) was the Superintendent of TRCI of ODOC who at all times relevant hereto employed at TRCI of ODOC in Umatilla, Oregon. Is being sued in his official and or unofficial capacity.

**5)** Defendant Bobby Rabb Defendant Number. 2-Def. No. 2) was the Assistant Superintendent of Security of TRCI of ODOC who at all times relevant hereto employed at TRCI of ODOC in Umatilla, Oregon. Is being sued in his official capacity and or unofficial capacity.

**6)** Defendant Lee Legore (Defendant Number.3-Def. No.3) was the STM manager of TRCI of ODOC who at all times relevant hereto employed at TRCI of ODOC in Umatilla, Oregon. Is being sued in his official and or unofficial capacity.

**7)** Defendant Jane/John Doe (Defendant Number.4-Def. No. 4) was the Intuitional Counselor(s) of TRCI of ODOC who at all times relevant hereto employed at TRCI of ODOC in Umatilla, Oregon. Is being sued in his/her official and or unofficial capacity.

**8)** Defendant Brian Stephens (Defendant Number 5-Def. no. 5) was the Chief of Security of the ODOC who at all times relevant hereto employed at ODOC in Salem, Oregon. Is being sued in his official and or unofficial capacity.

**9)** Defendant Lieutenant Brown (Defendant Number 6-Def. no. 6) was the acting Officer in Charge-OIC[7] at OSP of the ODOC who at all times relevant hereto employed at OSP/ODOC in Salem, Oregon. Is being sued in his official and or unofficial capacity.

---

[6] Further referred to as AIC-Adult in Custody
[7] Officer in Charge

10) Defendant Jane/John Doe (Defendant Number 7-Def. no. 7) was attending Nurse/First Responder at OSP of the ODOC who at all times relevant hereto employed at OSP/ODOC in Salem, Oregon. Is being sued in his official and or unofficial capacity.

11) Defendant Doctor Smith/MD (Defendant Number 8-Def. no.8) was the Medical Doctor at OSP who at all times relevant hereto employed at OSP/ODOC in Salem, Oregon. Is being sued in his official and or unofficial capacity.

12) Defendant J. Lawson (Defendant Number 9-Def. no. 9) was the OSP Grievance Coordinator at OSP of the ODOC who at all times relevant hereto employed at OSP/ODOC in Salem, Oregon. I Is being sued in his official and or unofficial capacity.

13) Defendant Cody Allphin (Defendant Number 10-Def. no. 10) was a Correctional Officer at TRCI OF ODOC who mat all times relevant employed by ODOC in Umatilla, Oregon. Is being sued in his official and or unofficial capacity.

14) Defendant Matthew Deacon (Defendant Number 11-Def. no. 11) was a Correctional Officer at TRCI OF ODOC who mat all times relevant employed by ODOC in Umatilla, Oregon. Is being sued in his official and or unofficial capacity.

## IV. PREVIOUS LAWSUITS

15) Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## V. EXAUSTION OF ADMINISTRATIVE REMEDIES

16) Plaintiff has exhausted his administrative remedies.

## VI. FACTS

17) Plaintiff is a vulnerable person under the vulnerable personas act, pursuant to, Oregon

Revised Statute 124.100(2), due to the nature of his criminal convictions (sex) defendants are aware of the plaintiffs' crimes and that sex offenders are routinely targeted and subjected to violent assaults, stabbings and murder upon entering the prisons population, thus defendants have a duty which is clearly established in law to take reasonable steps to protect particularly vulnerable prisoners.

**18)** Between the months of September and January 2021, Plaintiff was housed at the Coffee Creek Corrections Facility/Coffee Creek Intake Center[8] of the ODOC located in Wilsonville, Oregon. Plaintiff had multiple in person meetings with Brain Stephens. During these meetings plaintiff had expressed his concerns for his physical safety because of the nature of his current criminal convictions of sexual offences to Mr. Stephens-Def. no. 5 Threw our verbal communications through these meetings Mr. Stephens the acting Chief of ODOC Security was well aware of these imminent harm and threats against the plaintiff.

**19)** Throughout these meetings at CCCF/CCIC with the plaintiff and Mr. Stephens the Chief of ODOC Security had made statements that, "maybe I should just go cell up with someone and take my licks" and "this is prison as long as no one gets hurt I don't care." Plaintiff refused an said, "he no longer wanted to live in a bad way and didn't want to have harm come to him." Plaintiff was afraid to report the Mr. Stephens because of his rank in the ODOC and fear of retaliation by ODOC employees and other prisoners.

**20)** On or about January 2021 Plaintiff was transferred from CCCF/CCIC to TRCI in Umatilla, Oregon.

**21)** Upon information and belief between the months of January 2026 and April 2026 Lee Legore the Security Threat Manager at TRCI/ODOC had an ongoing investigation where he had met with multiple AIC's (Robert Thompson, Jerimiah Raber). Throughout these

[8] Further referenced as CCCF/CCIC

meetings and his ongoing investigation STM Manager Legore had become aware that that the plaintiff was in danger and put on a "Hit list."

**22)** Plaintiff has been actively working with Kristina Rice of the Oregon Corrections Ombuds[9]-OCO, Office of the Governor and Adrian Wulff-former Oregon Corrections Ombudsman since 2023 to address civil rights violations, misconduct by ODOC employees and resolve unresolved Grievance filed by the plaintiff at TRCI and throw-out ODOC.

**23)** Upon information and belief sometime between January 2026 and April 2026 all the defendants conspired and had a meeting of the minds to have the plaintiff transferred to OSP in retaliation for his protected conduct of filing grievances, law suits and his work with the OCO in attempt to silence him and punish him for his protected conduct.

**24)** On April 1st, 2026 plaintiff was transferred from TRCI to OSP.

**25)** Plaintiff made a report to the OCO stating that he had information and belief he was transferred for retaliatory reasons via the prisons phone OCO hotline.

**26)** On April 2ed, 2026 plaintiff was unilaterally assaulted by another prisoner (Levi Jim) while trying to eat his dinner in the OSP "chow hall" dining area.

**27)** This trespass of assault and battery caused acute/subacute comminuted fracture of his nasal Bone, nerve damage and the displacement of his front teeth that left him permanently deformed.

**28)** On April 2ed, 2026 plaintiff was placed in special housing/administrative segregation by Lieutenant Brown at OSP/ODOC in the Disciplinary Segregation Unit[10].

**29)** Upon information and belief during the plaintiff's time in solitary confinement Lt. Brown had sent multiple emails to the TRCI Security teams to get approval to send the plaintiff back

---

[9] Further refenced as OCO
[10] Further referred to as DSU

to TRCI for his safety. These emails were ignored. An was confirmed on April 20th 2026 in a meeting with Lt. Brown. (Lt. Brown specifically named STM Manager Legore) an unnamed others at TRCI whom he emailed.

**30)** Throughout this meeting on April 20th 2026 at OSP with plaintiff and defendant Lt. Brown had expressed to the plaintiff that "*TRCI did not want him back,*" that Lt. Legore had stated in a meeting in passing that "*TRCI didn't want AIC Butler back*" because he was litigating against staff there. Plaintiff reported to Lt. Brown that Lt. Legore-TRCI and Brian Stephens-Chief of Security were aware of the plaintiff's vulnerability and imminent danger he faced throughout ODOC. Lt. Brown led the plaintiff to believe if he signed a (CD1473) conflict report he would be sent back to TRCI. The plaintiff signed this document. Lt. Brown reported that plaintiff would have a hearing and then be transferred back to TRCI. AIC Butler compiled and signed this report. This document was never processed and no hearing was ever given to the plaintiff while in DSU for 50 days. In which constituted cruel and unusual punishment.

**31)** Plaintiff met with the Kristina Rice Oregon Corrections Ombudsman of the Office of the Oregon Governor on April 20th 2026 at OSP/DSU and during this meeting reported his belief that he was being retaliated against. Ms. Rice stated that she believed that all these actions of being transferred, assaulted placed in DSU was "*retaliatory*".

**32)** On May 16th 2026, plaintiff wrote an official complaint to the State of Oregon Governor's office Tina Kotec reporting to her office the conditions of confinement and requesting an formal criminal investigation into the criminally negligent actions against him referenced in the above facts. Upon information and belief, a formal investigation is being conducted.

**33)** Plaintiff was transferred back to TRCI from OSP on May 21st, 2026.

**34)** Plaintiff was held in DSU for over 50 days. During this time plaintiff was not allowed his personal property, legal property and afforded any religious materials, elements or services.

**35)** Plaintiff filed grievances to address his harmful conditions of confinement at OSP/DSU.

**36)** He was released on May 22th, 2026 from DSU upon being transferred back to TRCI.

**37)** Plaintiff had requested an official call to the Oregon Ombudsman office to Sgt. Wiggins of TRCI. He was then called to Captain Trot Office and met with him and Sgt. Wiggins. At that time Mr. Trot had said *"he didn't know why I was in DSU and couldn't find any paper work on why I was in DSU. That he was going to release me back to general population."*

**38)** Plaintiff also suffered mental and emotional pain and suffering from the personal trespass of assault and battery and excessive restrictions while in DSU from the assault he had been s subjected to on April 2ed 2026.

**39)** During Plaintiffs release from DSU, May 22ed 2026, he was harassed and humiliated by Corrections Officer[11]-C.O. Cody Allphin by his verbal hazing and mocking statements of, "*What he is not telling you is that he stirred up a bunch of shit here and we sent his ass out and he got stung*", "*did you learn your lesson,*" while the plaintiff was in a conversation with CO/TRCI Deacon in explaining what had happened to him.

**40)** As a result of these retaliatory actions by the defendant's plaintiff also suffered and lost his Oregon Corrections Enterprises/Laundry AIC work assignment he had for close to four years, removed from Religious Services Fire Starter/Helper status, property loss and housing reassignment.

## VII. BREACH OF DUTY FAILURE TO PROTECT

**41)** Def. no. 1, Ryan Legore is directly responsible as the superintendent of TRCI exercised deliberate indifference to the plaintiff's health and safety by failing to protect him as a

[11] Futher referred to as CO

vulnerable person by the lack of supervision of his employees, is responsible for the entire day to day actions, ongoings, incidents, conduct, security, etc. and general good health and wellbeing of all AIC's and employees at TRCI an allowing defendant's Mr. Rabb, Lt. Lee Legore and Jane/John Doe to knowingly conspire and transfer plaintiff to OSP to an unsafe environment where plaintiff would be assaulted. In which led to a breach of his duty of failure to protect as a vulnerable person and direct violation of plaintiffs eight and fourteenth amendment constitutional rights. As the plaintiff was unilaterally attacked 24 hours after arriving at OSP.

**42)** Def. no. 2, Bobby Rabb is directly responsible for all the day to day security related actions at TRCI as the assistant superintendent of security and exercised deliberate indifference to the plaintiff's health and safety by failing to protect him as a vulnerable person and by the lack of supervision of his employees an allowing defendant's Lee Legore and Jane/John Doe to conspire with each other and against the plaintiff to knowingly send him to an unsafe environment (OSP) where they knew plaintiff would be assaulted. In which led to a breach of his duty and direct violation of plaintiffs eight and fourteenth amendment constitutional rights, failure to protect as a vulnerable person. As the plaintiff was unilaterally attacked 24 hours after arriving at OSP.

**43)** Def. no. 3, Lee Legore is directly responsible for all the day to day security threat management related actions at TRCI as the STM manager and exercised deliberate indifference to the plaintiff's health and safety by failing to protect him as a vulnerable person by, to conspire with defendants Ryan Legore, Bobby Rabb and Jane/John Doe against the plaintiff to knowingly send him to an unsafe environment (OSP) where they knew plaintiff would be assaulted. Mr. Legore was in charge of an investigation were multiple

AIC's reports were made by other TRCI SIC's that stated plaintiffs' safety was in at risk and he was in imminent danger. In which led to a breach of his duty a failure to protect a vulnerable person and direct violation of plaintiffs eight and fourteenth amendment constitutional rights, a failure to protect as a vulnerable person. As the plaintiff was unilaterally attacked 24 hours after arriving at OSP.

**44)** Def. no. 4, Jane/John Doe is directly responsible for all the day to day intuitional management of AIC's and plaintiffs institutional case management related actions at TRCI as an AIC Institutional case manager and exercised deliberate indifference to the plaintiff's health and safety by failing to protect him as a vulnerable person by, to conspire with defendants, Ryan Legore, Bobby Rabb and Lee Legore against the plaintiff to knowingly send him to an unsafe environment (OSP) where they knew plaintiff would be assaulted as a vulnerable person. In which led to a breach of his duty and direct violation of plaintiffs eight and fourteenth amendment constitutional rights an failure to protect as a vulnerable person. As the plaintiff was unilaterally attacked 24 hours after arriving at OSP.

**45)** Def. no. 6 Lieutenant Brown, OIC at OSP had a duty to properly report this assault and battery as it was a extreme injury to the plaintiff, failed to properly process an investigation he had conducted, findings and document the attack against the plaintiff by another AIC which resulted in a breach of his duty as OIC of this incident and contributed to the constitutional violations against as cruel and usual punishment the plaintiffs eight and fourteenth amendments rights.

**46)** Def. no. 9, J. Lawson was the OSP Grievance Coordinator at OSP of the ODOC who at all times relevant hereto employed at OSP/ODOC in Salem, Oregon. Repeatedly ignored and denied multiple grievances filed by the plaintiff while he was in DSU at OSP this

contributed to the cruel and unusual punishment of the plaintiff by the defendants.

**47)** Def. no. 11, Matthew Deacon, is directly responsible for all the day to day security at TRCI, did not report C.O. C. Allphin's verbal harassment or further question me on what or why defendant Cody Allphin was harassing the plaintiff when he was released from DSU and exercised deliberate indifference to the plaintiff's health and safety by failing to protect him and report his co-worker for these unprofessional and harmful comments that were directly connected to the assault in battery of the plaintiff and retaliation conducted by the departments employees.

**48)** Def. no. 10, Cody Allphin, is directly responsible for all the day to day security at TRCI, was harassing the plaintiff when he was released from DSU and exercised deliberate indifference to the plaintiff's health and safety by failing to protect him by his retaliatory comments that were directly connected to the assault in battery of the plaintiff and retaliation conducted by `the department's employees.

## VIII. FAILURE TO ADMINISTER ADQUATE MEDICAL REMEDY

**49)** Def. no 7 Jane/John Doe the attending nurse(s) at the time of the incident of assault against the plaintiff, he was refused any ice for pain management and reduce swelling, pain medication for his fractured nose and adequate medical attention to address the plaintiff's injury. Jane/John Doe acted deliberately indifferent to his immediate medical needs.

**50)** Def. no. 8 Dr. Smith was the attending Doctor to the plaintiff's injury's and acted deliberately indifferent to the plaintiff's medical needs and failed to provide adequate medical treatment of Xray's, prescription of ice, pain management medications and appropriate splint to prevent further injury of plaintiffs fractured nose.

## IX. RETAILTORY TREATMENT

**51)** Over the last four years plaintiff has filed multiple grievances, discrimination complaints, complaints to the Oregon Corrections Ombudsman Office of the Governor regarding a verity of adverse conditions of confinement at TRCI and misconduct of the TRCI/ODOC employees and violations of his constitutional rights and not limited to, the retaliatory action of plaintiff being sent to OSP by defendants Ryan Legore, Bobby Rabb, Lee Legore, Jane/John Doe where also the defendants Ryan Legore, Bobby Rabb, Lee Legore, Jane/John Doe, Brain Stephens and Lt. Brown conspired and ignored the imminent harm to the plaintiff and resulted in the assault in battery of the plaintiff and the failure to protect the plaintiff as a vulnerable person. The loss of his AIC work assignment that he had for almost four years, loss of his volunteer/ordained Firestarter status with the TRCI Native American Circle/ TRCI Religious Services.

**52)** These above said actions, facts and acts represent a pattern of events demonstrating intentional retaliation against the plaintiff by the defendants (Def. no. 1, 2, 3 4, 5, 10 and 11) and civil rights action and have caused the plaintiff further mental anguish as a result.

## DEMAND FOR RELIEF

Wherefore, plaintiff prays for a jury trial and justice full judgement in his favor and damages in his favor against all the defendants in the amount of $ 250,000. 00 and injunctive relief of corrective surgery for plaintiff's physical deformity and the mantal anguish suffered by him due to the deliberate indifference and intentional misconduct of all the defendants but in no less than $ 250,000.00 together with any and all attorney fees costs and such additional relief as the court may deem just and proper.

Dated on this 13th day of October, 2026.

Sage Bruce Butler

**Sagé Bruce Butler**
**SID # 12309081**
**TRCI/ODOC**
**82911 Beach Access Rd.**
**Umatilla, Oregon**
**97882**
**Pro se**

## VERIFICATION

I, Sage Bruce Butler, plaintiff, pro se swear under penalty of perjury pursuant to 28 U.S.C. 1746 that the forgoing is true and correct and do declare under penalty of perjury that the factual allegations in this complaint are true and correct to the best of my knowledge, except for matters stated on information and belief which I believe to be true.

Dated on this 13th day of October, 2026.

Sage Bruce Butler

**Sage Bruce Butler**
**SID # 12309081**
**TRCI/ODOC**
**82911 Beach Access Rd.**
**Umatilla, Oregon**
**97882**
**Pro se**

**CERTIFICATE OF SERVICE**

**CASE NAME:** SAGE BRUCE BUTLER v. RAYN LEGORE et., all.,

**CASE NUMBER:** ______________________________

**COMES NOW,** Sage Bruce Butler, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution in Umatilla Oregon. That on the 13th day of October, 2026, I personally place in the Correctional Institution's Electronic Filing Service/EFC A TRUE COPY of the following:

1. **VERIFIED COMPLAINT**
2. **IN FORMA PAUPERIS APPLICATION**
3. **CERTIFIED TRUE COPY ODOC AIC TRUST ACCOUNT STATEMENT**
4. **CERTIFICATE OF SERVICE & CERTIFICATE OF TRUE COPY**

I, Correctional Institution's Electronic Filing Service/EFC to the person(s) named at the places addressed below:

Ryan LeGore Superintendent TRCI/ODOC, Bobby Rabb Assistant Superintendent of Security at TRCI/ODOC, Lee LeGore, Security Threat Manager at TRCI/ODOC Jane/John Doe(s) of TRCI Institutional Counselor(s), Dr. Smith-Medical Doctor at Oregon State Penitentiary, Jane/John Doe(s) of OSP Medical, Brian Stephens- Chief of Security of the ODOC, C.O. C. Allphin and C.O. M. Deacon of TRCI/ODOC Defendants

Dated this 13th day of October, 2026.

Sage Bruce Butler
(Signature)

**Sage Bruce Butler**
**S.I.D. No.: 12309081**
**TRCI/ODOC**
**82911 Beach Access**
**Umatilla, Oregon**
**97882**
**Plaintiff**
**Pro se**